OPINION
{¶ 1} On December 21, 2005, a confidential informant working with Greenville police went to an apartment at 511 Harrison Street in Greenville, where Defendant, Randy Hofacker, and his girlfriend, Kim Bowing, reside. That apartment is within one thousand feet of a school. While inside Defendant's apartment, the confidential informant, who was wearing a wire, made a controlled buy of prescription pills, Oxycodone and Alprazolam, from Defendant, using marked money provided by the police. After the drug buys, the confidential informant left Defendant's apartment with Defendant and Kim Bowling in a vehicle. Police subsequently stopped that vehicle, as had been planned, and recovered the drugs the confidential informant purchased and the money used to purchase them.
 {¶ 2} Defendant was indicted on one count of aggravated trafficking in drugs, selling Oxycodone, a third degree felony, in violation of R.C. 2925.03(A)(1) and (C)(1)(b), and one count of trafficking in drugs, selling Alprazolam, a fourth degree felony in violation of R.C. 2925.03(A)(1) and (C)(2)(b). The case proceeded to trial to the court on March 21, 2006. The trial court found Defendant guilty of both offenses on March 22, 2006.
 {¶ 3} At the sentencing hearing held on April 10, 2006, Defendant entered a plea of guilty to a fifth degree felony theft charge involving an elderly victim, in violation of R.C.2913.02(A)(3) and (B)(3), that was pending in another case. In exchange, the State recommended that Defendant be sentenced to three years on the aggravated drug trafficking, with concurrent sentences on the trafficking and theft charges. The trial court sentenced Defendant to concurrent prison terms of two years for aggravated drug trafficking, twelve months for drug trafficking and six months for theft, for a cumulative sentence of two years.
 {¶ 4} Defendant timely appealed to this court from his convictions and sentences. His appellate counsel filed anAnders brief, Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493, claiming that she could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Pensonv. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 5} Defendant's appellate counsel has identified one potential issue for appeal; whether Defendant's sentence is contrary to law, citing State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 6} In Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, the Supreme Court held that certain features of federal sentencing statutes that permitted a court to impose a sentence greater than that authorized by law on findings made by the court instead of by a jury or otherwise admitted by the defendant violate the defendants' Sixth Amendment right to trial by jury and are therefore unconstitutional. Foster
applied the holding in Blakely to similar features of Ohio's sentencing statutes, including R.C. 2929.14(B), which permits imposition of greater-than-minimum sentences upon certain findings made by the court. Foster, at ¶ 61.
 {¶ 7} For a felony of the third degree, the minimum sentence is one year with the permissible range being one to five years. R.C. 2929.14(A)(3). For a felony of the fourth degree, the minimum sentence is six months, with the permissible range being six to eighteen months. R.C. 2929.14(A)(4). The trial court sentenced Defendant to two years on the third degree felony aggravated drug trafficking and twelve months on the fourth degree felony drug trafficking, which is more than the minimum sentence for both offenses.
 {¶ 8} R.C. 2929.14(B) provides in relevant part:
 {¶ 9} ". . . if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 10} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term."
 {¶ 11} During the sentencing hearing the trial court asked Defendant if he had previously been in prison in Ohio in the `90's. Defendant responded, "yes, sir." Accordingly, the trial court's imposition of a greater than minimum sentence in this case is based upon a finding made pursuant to R.C. 2929.14(B)(1), that Defendant had previously served a prison term, a fact that Defendant admitted on the record. Under the rule of Blakely, as applied by Foster, no violation of Defendant's Sixth Amendment right to trial by jury resulted.
 {¶ 12} In addition to reviewing the possible issue raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
Brogan, J. and Wolff, J., concur.